[Cite as *Pagonis v. Steele*, 2012-Ohio-4252.]

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss: | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| MICHAEL R. PAGONIS | C.A. No.    26327 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT<br>ENTERED IN THE |
| HEATHER STEELE | COURT OF COMMON PLEAS<br>COUNTY OF SUMMIT, OHIO |
| Appellee | CASE No.    2000-07-7076 |

DECISION AND JOURNAL ENTRY

Dated: September 19, 2012

BELFANCE, Judge.

{¶1}    Plaintiff-Appellant Michael Pagonis appeals from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division.  For the reasons set forth below, we reverse and remand the matter for proceedings consistent with this opinion.

I.

{¶2}    A more detailed summary of the prior proceedings in this matter can be found in *Pagonis v. Steele,* 9th Dist. No. 25189, 2010-Ohio-4459.  Mr. Pagonis and Defendant-Appellee Heather Steele have never been married.  They have one child together, E.S., who was born March 29, 1998.  Pursuant to the parties' shared parenting plan, E.S. primarily resides with Mr. Pagonis.  On May 12, 2011, the Child Support Enforcement Agency ("CSEA") filed a recommendation to modify support in which it recommended that Ms. Steele pay $190.62 per month in child support as opposed to the $165.17 per month she had been paying.  Mr. Pagonis filed a request for a court hearing on CSEA's recommended modification of child support.

**{¶3}** A hearing was held before a magistrate during which income figures and health insurance statuses were discussed. The magistrate agreed to allow Mr. Pagonis a week to have his employer send the court information about his health insurance, including the cost to Mr. Pagonis. At the hearing, Ms. Steele testified that she did not have health insurance. The magistrate issued a decision ordering Ms. Steele to pay $337.08 effective October 1, 2011. That same day, the trial court issued an entry adopting the magistrate's decision and entering judgment. Ms. Steele filed written objections challenging the amount of child support and asserting that she recently obtained full-time employment and, therefore, also had health insurance. On February 10, 2012, the trial court issued an entry in response to Ms. Steele's objections calculating child support "by giving both parties credit for the cost of health insurance * * *." Thus, the trial court concluded that Ms. Steele's child support obligation effective October 1, 2011, would be $264.67.

**{¶4}** Mr. Pagonis has appealed, raising a single assignment of error for our review. Ms. Steele has not filed a brief in this Court, and, thus, we may accept Mr. Pagonis' statement of the facts and issues as correct and reverse the judgment if his brief reasonably appears to sustain such action. App.R. 18(C).

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN PARTIALLY SUSTAINING AN OBJECTION TO A MAGISTRATE'S DECISION WHEN IT HELD NO HEARING ON NEW FACTUAL ALLEGATIONS CONTAINED IN THE OBJECTION WHICH WERE NOT ON THE RECORD.

**{¶5}** Mr. Pagonis essentially asserts in his sole assignment of error that the trial court erred in considering Ms. Steele's unsworn assertions in her objections as evidence in recalculating the child support award.

**{¶6}** Generally, "[w]hen reviewing an appeal from the trial court's ruling on objections to a magistrate's decision, this Court must determine whether the trial court abused its discretion in reaching its decision." *Daniels v. O'Dell*, 9th Dist. No. 24873, 2010-Ohio-1341, ¶ 10. "In so doing, we consider the trial court's action with reference to the nature of the underlying matter." *Tabatabai v. Tabatabai*, 9th Dist. No. 08CA0049-M, 2009-Ohio-3139, ¶ 18.

**{¶7}** In the instant matter, at the hearing, Mr. Pagonis testified that he did, or would, have health insurance available to him, but he did not know what the cost was. The magistrate gave Mr. Pagonis a week to have information concerning his insurance submitted to the court. At the time of the hearing, Ms. Steele maintained that she did not have health insurance. However, in her objections to the magistrate's decision, Ms. Steele asserted that she had recently obtained full-time employment and, thus, had health insurance at a cost of $1465 a year. Ms. Steele, however, did not attach any evidentiary materials, nor did she reference any. Nonetheless, the trial court used the figure stated in Ms. Steele's objections in calculating child support.

**{¶8}** Thus, from the record before this Court, it appears that the trial court adjusted the child support calculations based solely upon the arguments contained in Ms. Steele's objections. It is clear to this Court that the trial court was attempting to be fair and equitable to both sides by considering the figures contained in Ms. Steele's objections. In fact, the trial court's entry addressing Ms. Steele's objections notes that the record was held open so that Mr. Pagonis could submit evidence of his health insurance expenses and that Ms. Steele, thus, did not have an opportunity to examine Mr. Pagonis' submission to the court. Despite its endeavor to act efficiently and fairly, a trial court is charged with compliance with Civ.R. 53 when it has referred a decision to a magistrate. *See Lakota v. Lakota*, 9th Dist. No. 10CA0122-M, 2012-Ohio-2555, ¶

5 ("Civ.R. 53 is the means by which a litigant may challenge a magistrate's factual or legal determinations.").

{¶9} Civ.R. 53(D)(4)(b) provides that "[w]hether or not objections are timely filed, a court may adopt or reject a magistrate's decision in whole or in part, with or without modification. A court may hear a previously referred matter, *take additional evidence*, or return a matter to a magistrate." (Emphasis added.) Further, Civ.R. 53(D)(4)(d) states that, when the court is faced with objections, before ruling on the objections, "the court may hear additional evidence but may refuse to do so unless the objecting party demonstrates that the party could not, with reasonable diligence, have produced that evidence for consideration by the magistrate." Thus, it is clear that the trial court had a means to consider additional evidence. *See* Civ.R. 53(D)(4)(b),(d); *see Veal v. DiLauro,* 9th Dist. No. 24620, 2009-Ohio-5675, ¶ 11-14; *Burkart v. Burkart*, 173 Ohio App.3d 252, 2007-Ohio-3992, ¶ 29 (10th Dist.). Here, however, the trial court considered an unsworn statement in an objection, which contradicted prior testimony, as evidence. We cannot say that such is contemplated by Civ.R. 53. *See In re $499 U.S. Currency*, 1st Dist. No. C-110176, 2012-Ohio-1701, ¶ 33-34. Ms. Steele's argumentation in her written objections is not evidence, and the record does not contain any evidence supporting Ms. Steele's claim concerning her health insurance expenses. Thus, while the trial court could have considered additional evidence as part of the options available under Civ.R. 53, it did not actually have any additional evidence before it to consider. *See Burkart* at ¶ 26; *see also* 2006 Staff Notes, Civ.R. 53(D) ("Civ.R. 53(D)(4)(b) provides that a court may properly choose among a wide range of options in response to a magistrate's decision, whether or not objections are timely filed."). Thus, the trial court erroneously employed the health insurance figure contained

in Ms. Steele's objections when it calculated child support. Accordingly, Mr. Pagonis' assignment of error is sustained.

### III.

{¶10} In light of the foregoing, we sustain Mr. Pagonis' assignment of error and remand this matter to the Summit County Court of Common Pleas, Domestic Relations Division, for proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

EVE V. BELFANCE
FOR THE COURT

WHITMORE, P. J.
CARR, J.
CONCUR.

APPEARANCES:

GEORGE W. MACDONALD, Attorney at Law, for Appellant.

HEATHER STEELE, pro se, Appellee.