DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Richard Kocinski, has appealed from an order of the Lorain County Court of Common Pleas, Domestic Relations Division, which approved a Military Qualifying Court Order submitted by the Appellee, Gertrude Kocinski. We reverse and remand
 I. {¶ 2} Appellant and Appellee were divorced by decree on November 22, 2000. The decree provided that the marital portion of Appellant's military retirement benefits was to be divided equally between the parties by a Qualified Domestic Relations Order ("QDRO"), which the parties were ordered to submit by December 31, 2000. Neither party submitted the required QDRO by the December 31, 2000 deadline.
 {¶ 3} On June 17, 2003, Appellee filed a motion to approve a Military Qualifying Court Order, which divided Appellant's military retirement benefits between the parties. On August 12, 2003, the attorney appointed as the guardian ad litem for the parties' children filed a motion for fees and expenses. The trial court scheduled a hearing on the two motions.
 {¶ 4} Appellant's counsel was not present at the August 29, 2003 hearing on the two motions. The day before the hearing, Appellant's counsel faxed a letter to the trial court informing it that she would be unable to attend the hearing due to a scheduling conflict. Appellant's counsel did not, however, file a formal written motion for a continuance. The court went forward with the hearing on Appellee's motion to approve the Military Qualifying Court Order, but did not hear arguments relating to the guardian ad litem's motion for fees and expenses. On September 30, 2003, the court approved the Military Qualifying Court Order submitted by Appellee at the hearing.
 {¶ 5} Appellant timely appealed, raising three assignments of error. Appellee has not filed a brief.
 II. Assignment of Error No. 1
"The trial court abused its discretion by failing to continue the hearing when the [appellant's] attorney failed to appear."
 {¶ 6} In his first assignment of error, Appellant avers that the trial court erred by declining to continue the hearing on Appellee's motion to approve the Military Qualifying Court Order. We agree.
 {¶ 7} At the hearing, Appellant strenuously voiced his apprehensions about moving forward without the assistance of counsel, making the following statement:
"I do not feel comfortable proceeding with this hearing. My attorney is not here. I have no legal representation. I feel threatened and pressured by your Court. My attorney faxed a letter to explain the circumstances. The proceeding has been nothing but stressful on both sides. I feel the Court pushed me into an agreement where I lost my son and then an agreement that was ill advis[ed]. I want it noted on the record I feel threatened and pressured by [the] Court[.] * * * * I really feel my due process of law has been limited."
 {¶ 8} Although it acknowledged that it had received the letter from Appellant's counsel, the trial court declined to continue the hearing on the Military
Qualifying Court Order, explaining that counsel had failed to file a formal motion to continue.[1] However, in a journal entry filed on September 16, 2003, the court indicated its understanding that a motion to continue the August 29 hearing had indeed been submitted, by disposing of that motion through the following order: "Motion to approve QDRO called for hearing. [Appellant's] motion to continue hearing denied." In the same journal entry, the court continued the hearing on the other matter scheduled to be addressed at the August 29 proceeding, the motion for guardian ad litem fees. Because the trial court proceeded as though a motion to continue had been submitted, this court will do the same.
 {¶ 9} The decision whether to grant or deny a continuance is within the sound discretion of the trial court and should not be reversed on appeal absent an abuse of discretion. State v.Unger (1981), 67 Ohio St.2d 65, 67. An abuse of discretion connotes more than a mere error in judgment; it signifies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. State v. Myers,97 Ohio St.3d 335, 2002-Ohio-6657, at ¶ 75, citing State v. Adams (1980),62 Ohio St.2d 151, 157.
 {¶ 10} In determining whether the trial court abused its discretion by denying a motion for a continuance, this court must "apply a balancing test, weighing the trial court's interest in controlling its own docket, including facilitating the efficient dispensation of justice, versus the potential prejudice to the moving party." Burton v. Burton (1999), 132 Ohio App.3d 473,476, citing State v. Unger (1981), 67 Ohio St.2d 65, 67-68. The following factors should guide the trial court's decision whether or not to grant a continuance, and are considered by this court in our review of such a decision:
"the length of the delay requested; whether other continuances have been requested and received; the inconvenience to the litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the [moving party] contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors[.]" State v.Unger (1981), 67 Ohio St.2d 65, 67-68.
 {¶ 11} Appellant did not ask for a long delay, but requested only the time necessary to permit his counsel to appear with him. The unavailability of Appellant's counsel was a legitimate reason for the requested delay, as reflected by Appellant's expressed misgivings about proceeding without counsel. The scheduling conflict leading to his counsel's absence was not a circumstance which Appellant contributed to. The record reflects that no prior continuances were requested with respect to the hearing at issue in this appeal. Finally, the requested delay could not have imposed a significant inconvenience upon the litigants, their counsel, and the court, in light of the court's decision to continue the hearing on the motion for guardian ad litem fees. Given this continuance, the litigants and their attorneys would have had to reconvene for a later hearing regardless of the finalization of the hearing regarding the Military Qualifying Court Order.
 {¶ 12} In light of the foregoing, we find that the potential prejudice to Appellant outweighed the interest in efficiency, and that the trial court abused its discretion by failing to grant Appellant's motion for a continuance based upon the circumstances in this case. Appellant's first assignment of error is sustained.
 Assignment of Error No. 2
"The trial court abused its discretion by approving a military qualifying order that granted more benefits to the [appellee] than the divorce decree granted her."
 Assignment of Error No. 3
"The trial court abused its discretion by failing to give adequate notice to [appellant] that a proposed qualified domestic relations order was to be filed on or before september 12, 2003, by journalizing this requirement on september 16, 2003, which was four days after the time to act."
 {¶ 13} Given our resolution of Appellant's first assignment of error, his remaining assignments of error are rendered moot, and we decline to address them. See App.R. 12(A)(1)(c).
 III. {¶ 14} Appellant's first assignment of error is sustained. His remaining assignments of error are moot, and we decline to address them. See App.R. 12(A)(1)(c). The decision of the Lorain County Court of Common Pleas, Domestic Relations Division, approving the Military Qualifying Court Order is reversed, and the cause is remanded for proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
Slaby, J. Concurs.
Carr, P.J. Concurs in judgment only.
[1] The record does not indicate that Appellant's counsel had communicated with the trial court using informal methods on any prior occasion in this matter. Nor does the record reflect any suggestion from the trial court that Appellant's counsel had made a practice of such informality in other matters.