DECISION AND JOURNAL ENTRY
 INTRODUCTION {¶ 1} The trial in this divorce action between Kenneth Carrico and Sherry Carrico took two days. Before the second day, Mrs. Carrico moved for a continuance, and neither she nor her lawyer appeared in court for that second day. The court proceeded with the trial and, the following day, denied the motion for a continuance. It subsequently entered a divorce decree. This Court vacates the trial court's judgment and remands because neither the trial court's order denying Mrs. Carrico's motion for a continuance nor anything else in the record is sufficient to allow this Court to determine whether the denial was an abuse of discretion.
 DISCUSSION {¶ 2} Mrs. Carrico's sole assignment of error is that the trial court abused its discretion by denying her motion for a continuance. She has argued that her motion was timely and that her lawyer had a legitimate conflict on the second day of trial. She supported her motion with a *Page 2 
notice of hearing for a matter her lawyer was handling in Lake County on the day set for the second day of trial. She has argued that the trial court should not have proceeded with the trial when she and her lawyer were not present.
 {¶ 3} Whether to grant a requested continuance is within a trial court's discretion. State v. linger, 67 Ohio St. 2d 65, 67 (1981). A trial court abuses its discretion if its "attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore, 5 Ohio St. 3d 217,219 (1983).
 {¶ 4} Mr. Carrico filed this action in Lorain County Common Pleas Court on June 20, 2006. Mrs. Carrico filed an action for divorce in the Cuyahoga County Common Pleas Court on June 28, 2006. From August 21, 2006, until November 14, 2006, the parties argued over whether venue was proper in Lorain County or Cuyahoga County. On November 14, 2006, the Cuyahoga County Common Pleas Court determined that Lorain County was the proper venue. Throughout the divorce proceedings, both parties sought and received a number of continuances. Although the record is not clear, it appears that trial began on November 28, 2007.
 {¶ 5} The next document in the record is a Journal Entry dated November 28, 2007, but not filed until January 22, 2008: "Matter proceeded to trial. Evidence presented. Matter adjourned. Trial to resume February 4, 2008 @ 9:30 a.m." On January 31, 2008, Mrs. Carrico moved for a continuance, representing that her lawyer was scheduled to appear in the Lake County Common Pleas Court, Domestic Relations Division, on February 4, 2008, for trial in another matter.
 {¶ 6} On February 5, 2008, the trial court filed two entries, both of which are dated February 4, 2008. One of the two entries denied Mrs. Carrico's motion for a continuance: "Defendant's Motion to Continue is Denied. Matter to proceed to trial on Monday February 4, *Page 3 
2008." The second recited that the second day of trial had been held: "Matter proceeded to day 2 of trial. Neither Defendant nor Defendant's Counsel present. Plaintiff presented and finished its case in chief. Plaintiff rested. Defendant's Complaint for divorce is dismissed. Parties given to Feb. 19, 2008, to submit a proposed entry. . . ."
 {¶ 7} On February 20, 2008, Mrs. Carrico moved the trial court to reconsider the denial of her motion for continuance. On March 31, 2008, the trial court filed a Judgment Entry of Divorce. It awarded Mrs. Carrico custody of one of the couple's minor children, and awarded Mr. Carrico custody of the other two minor children. On April 7, 2008, the trial court denied Mrs. Carrico's motion for reconsideration as moot.
 {¶ 8} The trial court did not explain in its order ruling on Mrs. Carrico's motion for a continuance why it was denying that motion. It is sometimes possible to determine whether a particular ruling by a trial court was an abuse of discretion by reviewing things in the record other than the ruling itself. The record in this case, however, is insufficient to allow this Court to do that. Although Mr. Carrico has represented in his brief to this Court that the trial court afforded the parties an opportunity to make arrangements with the assignment commissioner for a mutually agreeable time for the second day of trial and Mrs. Carrico failed to do that, neither the trial court's order denying the requested continuance nor anything else in the record demonstrates the truth of that representation. On this record, this Court cannot determine whether the trial court's denial was unreasonable, arbitrary, or unconscionable. Mrs. Carrico's assignment of error is overruled, but the trial court's judgment is vacated and this matter is remanded to permit the trial court an opportunity to explain why it denied the requested continuance. *Page 4 
 CONCLUSION {¶ 9} Mrs. Carrico's assignment of error is overruled. The trial court's judgment is
vacated, and this matter is remanded for further proceedings.
Judgment vacated, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to appellant.
SLABY, J. CONCURS