[Cite as *Lakota v. Lakota*, 2012-Ohio-2555.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | | |

| MONICA LAKOTA | | C.A. No. 10CA0122-M |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| ANTHONY LAKOTA | | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellee | | CASE No. 06DR0617 |

DECISION AND JOURNAL ENTRY

Dated: June 11, 2012

BELFANCE, Judge.

{¶1} Appellant, Monica Lakota, appeals an order of the Medina County Court of Common Pleas, Domestic Relations Division. This Court reverses.

I.

{¶2} Anthony and Monica Lakota each moved to modify Mr. Lakota's child support obligation. A magistrate issued a decision concluding that both motions should be denied because, despite some changes in the parties' financial positions, a deviation from the child support guidelines to $0 was warranted in light of their shared parenting plan. The trial court entered judgment the same day. Ms. Lakota filed timely objections to the magistrate's decision and moved for leave to supplement her objections upon review of the transcript of proceedings before the magistrate. Eight days later, the trial court summarily "denied" her objections, concluding that because Ms. Lakota had not filed a praecipe for preparation of the transcript or paid the deposit against costs for its preparation, it was with the court's prerogative to

"presume[] that the Magistrate conducted the proceedings with regularity and adopt[] her findings of fact."

{¶3}    Ms. Lakota moved the trial court to reconsider its decision. She supported her motion with the affidavit of her attorney, which set forth the efforts that she had made toward securing a transcript after the official court reporter told her – before the objections were filed – that she could not prepare it. According to counsel's affidavit, the court reporter told her that she would have to obtain a CD of the hearing from the bailiff, who was on vacation at the time. In addition, the court reporter informed counsel that it would normally take 3 to 4 days for the bailiff to burn the CD. The trial court denied Ms. Lakota's motion for reconsideration, concluding that it had properly applied its own local rule and that, regardless, there was no way that Ms. Lakota could then obtain the transcript within the time required by Civ.R. 53(D)(3)(b)(iii). Ms. Lakota filed a timely notice of appeal from the trial court's order that "denied" her objections and from the order denying her motion for reconsideration.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DENYING THE APPELLANT'S PRELIMINARY OBJECTIONS, DESPITE THE APPELLANT'S EFFORTS TO SECURE THE TRANSCRIPT OF PROCEEDINGS.

{¶4}    In her first assignment of error, Ms. Lakota argues that the trial court abused its discretion by applying Loc.R. 1.07 of the Medina County Court of Common Pleas, Domestic Relations Division, to "deny" her objections despite her efforts toward compliance. Because the trial court neither afforded Ms. Lakota a meaningful opportunity to object to the magistrate's decision and preserve issues for appeal nor conducted the independent review required by Civ.R. 53(D)(4), we agree.

As an initial matter, this Court must emphasize that the only order that is before us in this appeal is the trial court's October 20, 2010, order that overruled Ms. Lakota's objections because the Ohio Rules of Civil Procedure make no provision for motions to reconsider after final judgment. *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378 (1981), paragraph one of the syllabus. Such motions, and all orders that result from them, are nullities. *Id*. at 381.

**The Framework of Civil Rule 53**

{¶5} Civ.R. 53 is the means by which a litigant may challenge a magistrate's factual or legal determinations. "Civ.R. 53(D) places upon the reviewing court the ultimate authority and responsibility over an appointed magistrate's findings and rulings." *Ohio Environmental Protection Agency v. Lowry*, 10th Dist. No. 10AP-1184, 2011-Ohio-6820, ¶ 11. The Rule makes clear that, upon the filing of timely objections, the trial court must conduct an independent review of any issue of fact or law and reach its own conclusions independent of the magistrate's determinations. Civ. R. 53(D)(4)(d).

{¶6} In order to conduct an independent review of the magistrate's factual determinations, the trial court must have a record of the proceedings held before the magistrate. The responsibility for providing the transcript of the proceedings or an appropriate substitute falls upon the party objecting to a magistrate's factual determinations. Pursuant to Civ.R. 53(D)(3)(b)(iii), the objecting party must ensure that a complete record is before the trial court for review:

> *Objection to magistrate's factual finding; transcript or affidavit.* An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. With leave of court, alternative technology or manner of reviewing the relevant evidence may be considered. The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the

transcript or other good cause.  If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections.

The Rule thus provides three ways in which a party may support objections to a magistrate's factual findings: by transcript; by affidavit, if a transcript is not available; or, with the court's permission, by means of "alternative technology or manner of reviewing the relevant evidence[.]"  Ms. Lakota planned to support her objections with a transcript of proceedings so, for purposes of this opinion, we refer to a transcript throughout.

{¶7}    When a party objects but does not provide the trial court with the transcripts necessary to review the objections, there are serious consequences for appellate review.  In that situation, this Court's review is "limited to determining whether the trial court abused its discretion in adopting, rejecting, or modifying the magistrate's decision[.]"  *Furlong v. Davis*, 9th Dist. No. 24703, 2009-Ohio-6431, ¶ 30.  Without a transcript, "[an] appellant cannot demonstrate * * * error [with respect to factual findings], and thus, we must presume the regularity of the proceedings and that the facts were correctly interpreted."  *Yancy v. Haehn*, 11th Dist. No. 99-G-2210, 2000 WL 263757, *3 (Mar. 3, 2000), citing *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 19-20 (1988).  We have emphasized that the duty to provide the transcript in support of objections and the corresponding consequences if the transcript is not provided rest squarely on the objecting party.  *See Weitzel v. Way*, 9th Dist. No. 21539, 2003-Ohio-6822, ¶ 18-19.  Because these consequences are serious, a trial court should be cautious in taking measures that may ultimately cut off a party's ability to provide transcripts in support of objections so as to ensure that the opportunity to object and preserve error for appeal is real and meaningful.  "Ohio appellate courts repeatedly have recognized a trial court errs in ruling on a party's objections to a magistrate's factual findings without allotting the party the requisite 30 days to

obtain the necessary transcript." *Lowry*, 2011-Ohio-6820, at ¶ 14-15 (trial court erred by overruling objections without considering a transcript because it concluded that the objecting party did not provide notice to the court that the transcript had been timely filed.).

**Notice of Forfeiture as a Sanction**

{¶8}    "[T]he main purpose for the procedures set forth in Civ.R. 53 is to afford litigants with a meaningful opportunity to file objections to a magistrate's decision." *Skydive Columbus Ohio, L.L.C. v. Litter*, 10th Dist. No. 09AP-563, 2010-Ohio-3325, ¶ 6.  Failure to do so is prejudicial error.  *Ulrich v. Mercedes-Benz USA, L.L.C.*, 9th Dist. No. 23550, 2007-Ohio-5034, ¶ 13.

{¶9}    Under Civ.R. 53(D)(3)(b)(iv), a party forfeits all but plain error with respect to the appeal of any finding of fact or legal conclusion to which no objection is made in the trial court. The rule further requires that every magistrate's decision must "indicate conspicuously" the possibility of forfeiture.  Civ.R. 53(D)(3)(a)(iii).  In light of the consequences of a failure to timely object to a magistrate's decision, this Court has concluded that when the "conspicuous warning" about forfeiture required by Civ.R. 53(D)(3)(a)(iii) is omitted from a magistrate's decision, a litigant may not have been "provided with a meaningful opportunity to file objections and preserve issues for appeal." *Williams v. Ormsby*, 9th Dist. No. 09CA0080-M, 2010-Ohio-3666, ¶ 12. *See also In re A.W.C.*, 4th Dist. No. 09CA31, 2010-Ohio-3625, ¶ 18-19.  Similarly, the failure to provide conspicuous notice of forfeiture as a sanction for the failure to comply with local rules concerning the timing for filing praecipes or depositing costs can undermine a litigant's meaningful opportunity to pursue objections and preserve issues for appeal.

{¶10} The Local Rules of the Medina County Court of Common Pleas, Domestic Relations Division, contain specific requirements relative to obtaining a transcript of the

proceedings and paying the court reporter for the transcript as well as the possibility of forfeiture of a litigant's objections for failing to comply. In this case, pursuant to the court's local rules, the trial court summarily overruled Ms. Lakota's objections as a sanction because she did not file a praecipe for preparation of the transcript of proceedings and did not pay the deposit against costs to the court reporter. Loc.R. 1.07 provides:

> A. If a transcript is required, a praecipe to the Court Reporter requesting a transcript of the proceedings must be delivered to and acknowledged by the Court Reporter at the time of the filing of the Objection * * *. *Failure to timely file the praecipe may result in the denial or dismissal of an Objection * * *.*
>
> B. A deposit of costs to secure the transcript must be paid to the Court Reporter within 7 days of the filing of the Objection * * *. *If the deposit for the costs of a transcript is not made within 14 days of the filing of the Objection * * *, the Objection * * * may be denied or dismissed.* Irrespective of whether a transcript is ordered for the purpose of an Appeal, Objection, Motion to Set Aside or other reason, the Court Reporter shall not commence the preparation of the transcript until the deposit has been made.

(Emphasis added.) In this respect, it is significant to note that Civ.R. 53 does not require notice to the trial court regarding preparation of the transcript. "Had notification been a requirement, the amended rule easily could have included a provision to that effect but did not. Although a party may act prudently in notifying a trial court that the transcript was requested, the rule does not require notification." *Lowry*, 2011-Ohio-6820, at ¶ 17.

{¶11} We have emphasized the significance of notice in another context because "a basic tenet of Ohio jurisprudence is that cases should be decided on their merits." *Esser v. Murphy*, 9th Dist. No. 25945, 2012-Ohio-1168, ¶ 9. In *Esser*, this Court concluded that although a trial court warned the parties that dismissal with prejudice could result from failure to comply with a pretrial order, that order "contained standard language of a boilerplate nature that dismissal for noncompliance with the trial court's order was a *possibility*, [and] there was no notice of the trial court's intention to dismiss due to noncompliance as contemplated by Civ. R.

41(B)(1)." (Emphasis in original.) *Esser* at ¶ 12. *See generally Sazima v. Chalko*, 86 Ohio St.3d 151, 156-157 (1999), quoting *Ohio Furniture Co. v. Mindala*, 22 Ohio St.3d 99, 101 (1986) (stressing the important function of notice in giving "'one last chance'" to comply.).

**{¶12}** Consequently, although we would not go so far as to say that Loc.R. 1.07 is invalid on its face, we are persuaded that, in light of the potential that a party may be deprived of the opportunity to object and to preserve error for appeal in a meaningful way, the trial court should give notice of its potential sanction in a manner that is at least consistent with the notice required under Civ.R. 53(D)(3)(a)(iii). Ruling on objections as a sanction during the thirty-day period for filing a transcript may deprive parties of the meaningful opportunity to file objections and preserve error for appeal, and consistent with the interests at stake, a trial court that does so should act with caution after notice.

**{¶13}** The notice afforded by Loc.R. 1.07 itself is insufficient in this regard. The Rule informs parties that failure to act "may" lead to "denial or dismissal" of objections. With respect to failure to make the deposit against costs, the Rule permits the trial court to act if the deposit has not been made within fourteen days of filing the objections. In this case, the trial court ruled only eight days after the objections were filed. To the extent that the trial court based its ruling on Ms. Lakota's failure to pay the deposit, therefore, it erred in the application of its own rule. With respect to the praecipe, the local rule presumably allows the trial court to dismiss or deny the objections as a sanction at any time after the objections are filed. While the trial court may implement the sanction provisions of Loc.R. 1.07, it should at least provide the parties with some notice specific to the case at hand and a reasonable opportunity to cure the defect.

**Independent Review**

{¶14} Assuming for purposes of argument that the trial court had provided sufficient notice to Ms. Lakota that it intended to rule on her objections, it nonetheless erred in doing so in a summary fashion, without conducting an independent review of the magistrate's application of the law to the facts. Civ.R. 53(D)(4)(d) describes the responsibilities of a trial court once objections to a magistrate's decision have been filed:

> *Action on objections.* If one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections. In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law. Before so ruling, the court may hear additional evidence but may refuse to do so unless the objecting party demonstrates that the party could not, with reasonable diligence, have produced that evidence for consideration by the magistrate.

The independent review that is required of the trial court has two components: (1) whether, with respect to the objected matters, the magistrate properly determined the factual issues before it, and (2) whether the magistrate appropriately applied the law to those factual determinations. Even if the evidence from the proceedings before a magistrate is not before the trial court or is not contested, the trial court must conduct an independent review of the magistrate's application of the law to the facts to the extent that it is the subject of the objections. *See* Civ.R. 53(D)(4)(b). In that situation, a trial court accepts the magistrate's findings of fact, but "has the authority to determine whether the magistrate's findings of fact are sufficient to support the conclusions of law made, and to reach a different legal conclusion as long as that conclusion is supported by the magistrate's findings of fact." *Martin v. Ohio Dept. of Rehab. and Corr.*, 10th Dist. No. 07AP-1006, 2008-Ohio-3166, ¶ 10, citing *Wade v. Wade*, 113 Ohio App.3d 414, 418 (11th Dist.1996). Civ.R. 53 contemplates that a trial court may, within its discretion, conduct a review that *exceeds* that specifically required. *See e.g.* Civ.R. 53(D)(4)(b) ("Whether or not objections are timely

filed, a court may adopt or reject a magistrate's decision in whole or in part, with or without modification."). *See also Weitzel*, 2003-Ohio-6822, at ¶ 18. When no timely objections are filed, a trial court must still determine whether "there is an error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c).

{¶15} In other words, Civ.R. 53 does not authorize a trial court to summarily overrule objections as a sanction without conducting the independent review of the magistrate's decision that is warranted under the circumstances. In this case, Ms. Lakota's preliminary objections challenged both the magistrate's factual findings and the application of the law to those facts. The trial court, however, in what may be a standardized journal entry, overruled her objections without conducting an "independent review as to the objected matters to ascertain that the magistrate * * * appropriately applied the law." Civ.R. 53(D)(4)(d).

{¶16} At first glance, it may appear that because the trial court entered judgment during the fourteen-day period for filing objections, this Court can presume that the trial court conducted an independent review sufficient to meet the requirements of Civ.R. 53(D)(4)(d). However, that proposition is not supported by the differences in the wording between Civ.R. 53(D)(4)(c) and Civ.R. 53(D)(4)(d) or the Staff Notes accompanying the rule. In the absence of objections, Civ.R. 53(D)(4)(c) only requires that the trial court determine whether "there is an error of law or other defect *evident on the face of the magistrate's decision.*" (Emphasis added.) However, when objections are filed, Civ.R. 53(D)(4)(d) requires that the trial court conduct an "independent review as to the objected matters to ascertain that the magistrate * * * appropriately applied the law." The wording is significantly and substantively different. The Staff Notes give credence to the notion that the difference is intentional and significant:

> Sentence two of Civ.R. 53(D)(4)(d) requires that, if timely objection is made to a magistrate's decision, the court give greater scrutiny than if no objections are

made. The "independent review as to the objected matters" standard that applies if timely objection is made should be distinguished from the lesser scrutiny permitted if no objections to a magistrate's decision are timely filed * * * .

2006 Staff Note, Civ.R. 53. In addition, Civ.R. 53(D)(4)(e)(i), which authorizes a trial court to enter judgment during the fourteen-day period for filing objections, implicitly differentiates between the scope of the trial court's initial review of the magistrate's decision on its face and its later review of objections. In that situation, although a trial court may have determined that there is no "error of law or other defect evident on the face of the magistrate's decision[,]" the result is not a forgone conclusion: the trial court may vacate or modify its earlier judgment in light of the objections.

{¶17} Thus, we cannot say that just because the trial court adopted the magistrate's decision and entered judgment prior to the filing of objections, that the trial court necessarily conducted an independent review of the magistrate's decision sufficient to meet the requirements of Civ.R. 53(D)(4)(d).

{¶18} Accordingly, we agree with Ms. Lakota that the trial court erred by summarily overruling her objections without affording her a meaningful opportunity to object to the magistrate's decision and preserve issues for appeal and without conducting the independent review required by Civ.R. 53. Ms. Lakota's first assignment of error is sustained.

III.

{¶19} Ms. Lakota's first assignment of error is sustained. Ms. Lakota's remaining assignments of error, which challenge the trial court's judgment with reference to the transcript of proceedings, are premature. The judgment of the Medina County Court of Common Pleas is reversed, and this matter is remanded to the trial court so that Ms. Lakota may have the opportunity to proceed from the point that her objections were timely filed.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

EVE V. BELFANCE
FOR THE COURT

DICKINSON, J.
CONCURS.

CARR, P. J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

JENNIFER L. MALENSEK, Attorney at Law, for Appellant.

ANTHONY LAKOTA, pro se, Appellee.