[Cite as *Swedlow v. Riegler*, 2013-Ohio-5562.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

RONALD M. SWEDLOW

    Appellant

    v.

RADMILLA J. RIEGLER

    Appellee

C.A. No.    26710

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    2004-09-3594

DECISION AND JOURNAL ENTRY

Dated: December 18, 2013

HENSAL, Judge.

{¶1}   Plaintiff-Appellant, Ronald M. Swedlow, appeals from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division. For the reasons set forth below, this Court affirms.

I.

{¶2}   Mr. Swedlow and Radmilla Riegler divorced in 2004. Both Mr. Swedlow and Mrs. Riegler were named the residential parent of the parties' minor child pursuant to a shared parenting plan wherein the child lived with each parent on alternating weeks. Each parent also had midweek parenting time with the child for two hours on the weeks that the child did not reside with him or her. Due to the parties' "nearly equal earnings" and the fact that the child resided with each parent 50 percent of the time, neither parent was obligated to pay child support. Both parents also had the right to make medical decisions for the child after consulting with the other parent.

{¶3}   In September 2011, Mrs. Riegler filed a motion to reallocate parental rights and responsibilities and to modify the visitation schedule, child support order and tax dependency exemption.   Mrs. Riegler sought, inter alia, to terminate the shared parenting plan, to be designated as the sole residential custodian, and to require that Mr. Swedlow pay child support. In a Magistrate's Order dated February 17, 2012, the court scheduled the matter for a final evidentiary hearing to be held on July 26, 2012.

{¶4}   On July 10, 2012, while represented by counsel, Mr. Swedlow filed a pro se motion to continue the evidentiary hearing on the basis that he needed time to seek different counsel.   The court denied the motion the same day it was filed.   Thereafter, Mr. Swedlow's attorney sought the court's permission to withdraw from the case, which was granted on July 20, 2012. On July 23, 2012, Mr. Swedlow filed a second motion to continue the evidentiary hearing, which was also denied.

{¶5}   The case proceeded to an evidentiary hearing before a magistrate over two separate days.  On September 18, 2012, a magistrate's decision and judgment entry adopting the decision was issued that:  (1) modified the shared parenting plan to discontinue the alternating week schedule during the school year, but ordered it to be used during the summer; (2) allowed Mr. Swedlow overnight companionship time during the school year on the first three full weekends of every month plus midweek companionship time during the fourth and fifth weeks of the month; (3) gave Mrs. Riegler the right to make the final decision if the parties disagreed about a medical decision involving the child; (4) ordered Mr. Swedlow to participate in anger management counseling and to supervise the child's interactions with neighborhood children when she was in his care; (5) ordered that the child continue in counseling and be assessed for ADHD; and (6) ordered Mr. Swedlow to pay child support in the amount of $186.74 per month,

pay 27% of any unreimbursed healthcare costs and allowed Mrs. Riegler to claim the child as a dependent for income tax purposes.

{¶6} Mr. Swedlow filed timely objections to the magistrate's decision and a supplemental brief in support of his objections. While he filed a praecipe requesting that the court reporter prepare a transcript of the evidentiary hearing, the record does not reflect that the transcript was ever prepared and filed. Mr. Swedlow's supplemental brief incorporated an unsworn "[a]ffidavit" that alleged to set forth what transpired during the hearing in lieu of a transcript. The trial court overruled Mr. Swedlow's objections and found that the "[a]ffidavit" was neither a proper affidavit nor the proper substitute for a transcript. Mr. Swedlow filed a timely appeal of the judgment entry that overruled his objections and raises six assignments of error. This Court combines several of Mr. Swedlow's assignments of error to facilitate our analysis.

II.

STANDARD OF REVIEW

{¶7} "This Court generally reviews a trial court's action with respect to a magistrate's decision for an abuse of discretion." *Young v. Young*, 9th Dist. Summit No. 25640, 2011–Ohio–4489, ¶ 5. An abuse of discretion "implies that the trial court's attitude [was] unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). "Although the trial court has discretion when finding facts and applying those facts to the law, the trial court commits an error of law if it does not follow the law." *Foster v. Foster,* 9th Dist. Wayne No. 09CA0058, 2010–Ohio–4655, ¶ 6. Issues of law are reviewed de novo. *Butler v. Butler*, 9th Dist. Summit No. 22087, 2004–Ohio–7164, ¶ 11.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN DENYING FATHER A REASONABLE OPPORTUNITY TO OBTAIN NEW COUNSEL BEFORE EVIDENTIARY HEARINGS COMMENCED, DESPITE FATHER'S REALIZATION AND PLEAS THAT COUNSEL HAD FAILED TO PROVIDE EFFECTIVE REPRESENTATION.

{¶8}    Mr. Swedlow argues that the trial court erred in not granting his motion for a continuance of the evidentiary hearing to allow him time to obtain new counsel.  This Court disagrees.

{¶9}    The decision to grant or deny a motion for a continuance is within the trial court's discretion.  *Carpenter v. Carpenter*, 9th Dist. Medina No. 10CA0044-M, 2011-Ohio-2321, ¶ 7, quoting *Carrico v. Carrico*, 9th Dist. Lorain No. 08CA009394, 2009-Ohio-668, ¶ 3.

> In determining whether the trial court abused its discretion by denying a motion for a continuance, this court must 'apply a balancing test, weighing the trial court's interest in controlling its own docket, including facilitating the efficient dispensation of justice, versus the potential prejudice to the moving party.'

*Kocinski v. Kocinski*, 9th Dist. Lorain No. 03CA008388, 2004-Ohio-4445, ¶ 10, quoting *Burton v. Burton*, 132 Ohio App.3d 473, 476 (3rd Dist.1999).  In evaluating whether the trial court abused its discretion, this Court:

> should note * * * the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case.

*State v. Unger*, 67 Ohio St.2d 65, 67-68 (1981).

{¶10}    These proceedings were initiated by Mrs. Riegler's filing of a motion on September 26, 2011.  In an entry filed February 17, 2012, the matter was set for an evidentiary hearing to be held on July 26, 2012.  Mr. Swedlow filed his first pro se motion for a continuance

on July 10, 2012; 16 days prior to the hearing and approximately two weeks after a settlement conference was held. He sought a "reasonable amount of time" to obtain new counsel. The magistrate denied the request without any explanation in an entry filed the same day as the motion. This Court notes that Mr. Swedlow was represented by counsel at the time he filed his first motion for a continuance. Mr. Swedlow's counsel subsequently moved to withdraw as his attorney due to the filing of the motion and the arguments contained therein. Three days before the evidentiary hearing, Mr. Swedlow filed his second pro se motion for a continuance requesting that the hearing be continued because the court permitted his prior counsel to withdraw. The magistrate again denied the request without any explanation.

{¶11} Balancing the trial court's interest with the potential prejudice to Mr. Swedlow, this Court's review of the record does not indicate that the trial court abused its discretion in denying Mr. Swedlow's motions. There is no evidence in the record that Mr. Swedlow had either sought or received any prior continuances. With regard to the first motion for a continuance, the record reflects that Mr. Swedlow was represented by counsel at the time it was filed. His motion did not advise the court how long of a continuance he required. Despite knowing over two weeks prior to the hearing that the matter would not be continued, there is no evidence that Mr. Swedlow attempted to secure the services of alternate counsel and instead chose to represent himself. He filed a second motion for a continuance just three days before trial in a matter that was scheduled over five months earlier and was pending approximately ten months. Finally, this Court notes that the evidentiary hearing occurred over two days; on July 26, 2012 and September 17, 2012. Mr. Swedlow thus had additional time between the two hearing dates in which to obtain new counsel to represent him at the conclusion of the hearing. There is no evidence in the record that he ever hired counsel, nor did he proffer or allege that he

had attempted to do so.  Based on the foregoing, the trial court did not abuse its discretion by denying Mr. Swedlow's motions for a continuance.  His first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY FAILING TO SANCTION A REASONABLY EQUAL TIME AND OPPORTUNITY FOR FATHER TO QUESTION THE VERACITY OF MOTHER'S TESTIMONY VIA LIMITING HIS TIME ALLOWED FOR CROSS EXAMINATION.

{¶12} Mr. Swedlow next argues that the magistrate unreasonably limited the time scheduled for the evidentiary hearing, which did not afford him equal time to cross-examine Mrs. Riegler, and forced him to cut short his testimony.  He also maintains that Mrs. Riegler purposely drew out the proceedings so as to deprive him of an opportunity to present his case.

{¶13}  Although he filed a praecipe directing that the court reporter prepare a transcript, Mr. Swedlow failed to provide a transcript of the proceedings for the trial court to review in ruling on his objections.  He maintains that, due to his indigent status, he could not afford to have a transcript prepared.  Mr. Swedlow attempted to remedy this deficiency in the trial court by incorporating an unsworn "affidavit" that purported to set forth what transpired during the hearing.  The trial court found that the "affidavit" did not meet the formal requirements of such a document and could not be substituted for a transcript.  In ruling on his objections, the trial court found that the magistrate's findings of fact were correct and overruled Mr. Swedlow's objections.  Mr. Swedlow filed a "Statement of the Evidence" pursuant to Appellate Rule 9(C) in this Court, which was stricken from the record due to noncompliance with the rule.[1]

---

[1] Mr. Swedlow filed his statement of evidence pursuant to the version of App.R. 9(C) that was effective July 1, 2011.  App.R. 9(C) was subsequently amended effective July 1, 2013, and provides further guidance about when a party may file a statement in lieu of a transcript.

**{¶14}** In order to resolve Mr. Swedlow's assignment of error, it is necessary for this Court to have a transcript of the evidentiary hearing proceedings or an affidavit comporting with Civil Rule 53(D)(3)(b)(iii) if a transcript is not available so as to ascertain whether the trial court committed any error. "It is an appellant's duty to ensure that the record, or the portion necessary for review on appeal, is filed with the appellate court." *Shumate v. Shumate*, 9th Dist. Lorain No. 09CA009707, 2010-Ohio-5062, ¶ 6, citing *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 19 (1988). *See also* App.R. 9(B)(1); App.R. 10(A); Loc.R. 5(A). "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record." *Shumate* at ¶ 6, quoting *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980).

**{¶15}** "Where the transcript of a hearing is necessary to resolve assignments of error, but such transcript is missing from the record, the reviewing court has 'no choice but to presume the validity of the lower court's proceedings, and affirm.'" *Id*. at ¶ 9, quoting *Knapp* at 199.

> When a party objects but does not provide the trial court with the transcripts necessary to review the objections, there are serious consequences for appellate review. In that situation, this Court's review is 'limited to determining whether the trial court abused its discretion in adopting, rejecting, or modifying the magistrate's decision[.]'

*Lakota v. Lakota*, 9th Dist. Medina No. 10CA0122-M, 2012-Ohio-2555, ¶ 7, quoting *Furlong v. Davis*, 9th Dist. Summit No. 24703, 2009-Ohio-6431, ¶ 30.

**{¶16}** Given the limited record, this Court is unable to conclude that the trial court abused its discretion in overruling Mr. Swedlow's objection. His second assignment of error is overruled.

ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN ITS ORDER CONFIRMING THE MAGISTRATE'S DECISION GRANTING FINAL SAY IN MEDICAL DECISION MAKING REGARDING THE MINOR CHILD TO THE MOTHER, AS THIS IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRODUCED DURING TRIAL, WHICH DEPICTS A PATTERN OF POOR DECISION MAKING IN THIS AREA BY THE MOTHER.

{¶17} In Mr. Swedlow's third assignment of error, he argues that the trial court abused its discretion in modifying the shared parenting plan by giving Mrs. Riegler the right to make any final medical decision for the child as such a finding was against the manifest weight of the evidence. He does not, however, develop any argument on this point. Rather, he argues that he was denied any meaningful opportunity to support his claims of error when the trial court refused to consider the "affidavit" he included in his supplemental brief. We disagree.

{¶18} Civil Rule 53(D)(3)(b)(iii) requires that a party objecting to a factual finding in a magistrate's decision must provide a transcript of the evidence or "an affidavit of that evidence if a transcript is not available." Mr. Swedlow does not dispute that his "affidavit" was neither signed nor sworn in front of a notary public, but rather argues that the trial court's action was discriminatory against him as he is pro se and indigent. "By definition, an affidavit must be 'confirmed by oath or affirmation of the party making it [and] taken before a person having authority to administer [the] oath or affirmation.'" *In re Disqualification of Pokorny*, 74 Ohio St.3d 1238, 1238 (1992), quoting *Black's Law Dictionary* 54 (5th Ed.1979). A document that is not sworn before an officer and that does not comply with all the legal requisites is not an affidavit. *Id. See also Gumins v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 10AP-941, 2011-Ohio-3314, ¶ 12 ("An affidavit is a sworn statement, made under penalty of perjury.").

{¶19}   Accordingly, the trial court did not err in excluding Mr. Swedlow's "affidavit" as evidence.  His third assignment of error is overruled.

FOURTH ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN SUMMARILY CONFIRMING MODIFICATION OF THE FATHER'S PARENTING TIME PER THE MAGISTRATE'S DECISION, DESPITE THIS DECISION'S RELIANCE ON A DETERMINATION THAT THE HARM CAUSED TO THE CHILD BY LIMITING HER TIME WITH HER FATHER IS OUTWEIGHED BY A POSITIVE ENVIRONMENT CHANGE, WITHOUT FIRST UTILIZING AN INDEPENDENT REVIEW TO REASONABLY ASSURE THAT THE MANIFEST WEIGHT OF THE EVIDENCE PRODUCED AT TRIAL ACTUALLY SUPPORTED SUCH A DETERMINATION.

{¶20} Mr. Swedlow argues that the trial court abused its discretion in adopting the magistrate's finding that the harm likely to be caused by a change in the child's environment was outweighed by the advantages of a stable and consistent environment as such a finding was against the manifest weight of the evidence.  In addition, Mr. Swedlow argues that the trial court failed to consider the factors set forth in Revised Code Section 3109.051(D) when it modified his companionship time and that the trial court failed to conduct an independent review of the magistrate's application of the law to the facts.  We disagree.

> Weight of the evidence concerns 'the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of the credible evidence sustains the issue which is to be established before them.  Weight is not a question of mathematics, but depends on its effect in inducing belief.'

*Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 12, quoting *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997).  Thus, "manifest weight of the evidence" pertains to the burden of persuasion.  *Id*. at ¶ 19.

{¶21} Prior to these proceedings, the parties utilized a schedule wherein the child lived with each parent on alternating weeks. The trial court modified the shared parenting plan so that the alternating week schedule was only followed during the summer and the child resided with Mrs. Riegler during the week when school was in session. Mr. Swedlow was given companionship time with the child during the school year the first three full weekends of every month from Friday after school until Sunday at 7:00 p.m. plus mid-week companionship time during the remaining weeks of the month.

{¶22} The magistrate's decision indicates that both parents testified along with the guardian ad litem, the Family Court Services evaluator, the child's teacher and several other witnesses. Mr. Swedlow argues that the testimony of the teacher and the guardian ad litem in particular support his contention that the child would be harmed by the change in the shared parenting plan, and that, in light of their testimony, the trial court's decision is against the manifest weight of the evidence.

{¶23} Given the limited record, this Court does not conclude that the trial court abused its discretion in overruling Mr. Swedlow's objection and adopting the magistrate's finding that any harm that would result to the child as a result of the change in environment was outweighed by the advantages. "Pursuant to App.R. 9(B), an appellant who wishes to assert that a finding or conclusion is * * * against the manifest weight of the evidence shall include in the record 'a transcript of proceedings that includes all evidence relevant to the findings or conclusion.'" *Technical Constr. Specialties, Inc. v. New Era Builders, Inc.*, 9th Dist. Summit No. 25776, 2012-Ohio-1328, ¶ 9. As stated earlier, Mr. Swedlow has failed to provide this Court with a transcript of the evidentiary hearing or with a statement of the evidence pursuant to Appellate Rule 9(C). Because the record is devoid of the evidence necessary to decide the portion of Mr. Swedlow's

assignment of error concerning the manifest weight of the evidence, this Court "has no choice but to presume the validity of the lower court's proceedings, and affirm." *Id*. at ¶ 11, quoting *Knapp*, 61 Ohio St.2d at 199.

{¶24} With regard to Mr. Swedlow's argument that the trial court failed to consider the factors set forth in Revised Code Section 3109.051(D), this Court notes that Mr. Swedlow did not raise this argument in his objections to the magistrate's decision and raises it for the first time on appeal. Failure to specifically raise an argument in an objection to a magistrate's decision, results in a forfeiture of the argument on appeal unless the party can establish plain error. *Johns*, 2013-Ohio-557 at ¶ 17. "[T]he plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process * * *." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, syllabus (1997). Mr. Swedlow has failed to demonstrate that the trial court committed plain error by not considering the factors provided in Revised Code 3109.051(D). Further, this statute does not apply to proceedings, such as the present case, wherein the court has ordered a shared parenting plan. *See* R.C. 3109.051(A) ("If a divorce * * * proceeding involves a child and if the court has not issued a shared parenting decree, the court * * * shall make a just and reasonable order or decree permitting each parent who is not the residential parent to have parenting time * * *.")

{¶25} Finally, with regard to Mr. Swedlow's contention that the trial court failed to conduct an independent review of the magistrate's decision, he appears to argue that the alleged error was evidenced by the court's failure to apply the factors set forth in Revised Code 3109.051(D). Civil Rule 53(D)(4)(d) provides that:

> If one or more objections to a magistrate's decision are timely filed, the court
> shall rule on those objections. In ruling on objections, the court shall undertake an

> independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law.

"In other words, Civ.R. 53 does not authorize a trial court to summarily overrule objections as a sanction without conducting the independent review of the magistrate's decision that is warranted under the circumstances." *Lakota v. Lakota*, 9th Dist. Medina No. 10CA0122-M, 2012-Ohio-2555, ¶ 15.

{¶26} The trial court in this case stated in its judgment entry that it had reviewed Mr. Swedlow's objections, Mrs. Riegler's responses and other documents in the file. The court specifically classified Mr. Swedlow's objections as pertaining to factual findings and determined that the Magistrate's findings of fact were correct due to his failure to file a transcript. As stated above, Mr. Swedlow did not specifically object to the magistrate's decision on the basis of the failure to consider the factors set forth in Revised Code 3109.051(D). The magistrate's decision instead considered the factors set forth in Revised Code 3109.04(F)(1) in finding that it was in the child's best interest to modify the shared parenting plan. The trial court clearly reviewed and agreed with the magistrate's reasoning, although it did not explicitly state as much, when it overruled Mr. Swedlow's objections and ordered that the plan be modified. As further evidence that the court undertook an independent review of the magistrate's decision, the trial court added a finding that Mr. Swedlow was voluntarily unemployed. This finding was not included in the magistrate's decision. Based on the foregoing, Mr. Swedlow has not demonstrated that the trial court failed to conduct an independent review of the magistrate's decision as required by Civil Rule 53(D)(4)(d). His fourth assignment of error is overruled.

FIFTH ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN IMPUTING MINIMUM WAGE INCOME TO FATHER FOR CHILD SUPPORT PURPOSES WITHOUT FIRST[] EXPLICITLY FINDING HIM VOLUNTARILY UNEMPLOYED OR UNDEREMPLOYED.

SIXTH ASSIGNMENT OF ERROR

THE COURT'S EVENTUAL FINDING OF VOLUNTARY UNEMPLOYMENT IS UNSUPPORTED BY ANY EVIDENCE, AND IS IN FACT, AGAINST THE MANIFEST WEIGHT OF [THE] EVIDENCE PROVIDED AT TRIAL.

{¶27} Mr. Swedlow argues that the magistrate erred in imputing income to him for purposes of calculating his child support obligation without first finding him voluntarily unemployed or underemployed. He additionally maintains that the trial court's finding that he was voluntarily unemployed is against the manifest weight of the evidence. Mr. Swedlow also argues that Revised Code 3119.05(I) precludes the imputation of income and a finding that he is voluntarily unemployed because he receives means-tested public assistance benefits. This Court disagrees.

{¶28} "This Court has consistently held that a trial court must expressly find a parent to be voluntarily unemployed or underemployed before imputing income to that parent." *Morrow v. Becker*, 9th Dist. Medina No. 11CA0066-M, 2012-Ohio-3875, ¶ 36. Mr. Swedlow is correct when he states that the magistrate's decision failed to find him either voluntarily unemployed or underemployed. However, the trial court did include a finding that he was voluntarily unemployed in its judgment entry overruling his objections. Because "[a]ny claim of trial court error must be based on the actions of the trial court, not the magistrate's findings or proposed decision[,]" Mr. Swedlow's argument that the court failed to find him voluntarily unemployed or

underemployed is without merit. *Mealey v. Mealey*, 9th Dist. Wayne No. 95CA0093, 1996 WL 233491, *2 (May 8, 1996).

{¶29} While Mr. Swedlow's argument that the trial court's finding that he was voluntarily unemployed is couched in terms of challenging the manifest weight of the evidence, the substance of his argument suggests that the trial court lacked any evidence from which it could conclude that he was voluntarily unemployed. As such, this Court will analyze his argument using the sufficiency standard.

{¶30} The Ohio Supreme Court recently clarified that "[t]he sufficiency of the evidence is quantitatively and qualitatively different from the weight of the evidence." *Eastley*, 132 Ohio St.3d 328, 2012–Ohio–2179, at paragraph two of the syllabus. "'Sufficiency' is a term of art meaning that legal standard which is applied to determine * * * whether evidence is legally sufficient to support [a finding] as a matter of law." *Raykov v. Raykov*, 9th Dist. Summit No. 26107, 2012–Ohio–2611, ¶ 8, quoting *Thompkins*, 78 Ohio St.3d at 386. It is, therefore, a test of adequacy. *Thompkins* at 386.

{¶31} The trial court did not err in accepting the factual findings contained in the magistrate's decision as true since Mr. Swedlow did not provide a transcript to support his argument. *City of Cuyahoga Falls v. Eslinger*, 9th Dist. Summit No. 21951, 2004-Ohio-4953, ¶ 6. The magistrate's decision included a factual finding that Mr. Swedlow was unemployed for three years, previously worked in sales, received a paralegal degree in 2010, and received cash assistance that required him to work 30 hours per week. Civil Rule 53(D)(4)(b) allows a trial court to "adopt or reject a magistrate's decision in whole or in part, with or without modification" regardless of whether or not objections are timely filed. The practical effect of the trial court's decision in finding that Mr. Swedlow was voluntarily unemployed, regardless of the

fact that it expressly "overruled and dismissed" Mr. Swedlow's objections, was to sustain his objection on that point and modify the magistrate's decision accordingly. Given the limited record before this Court, we cannot say that the trial court abused its discretion in modifying the magistrate's decision by finding that Mr. Swedlow was voluntarily unemployed as there was sufficient evidence from which it could make such a conclusion.

{¶32} Finally, Mr. Swedlow's argument that the trial court could not impute income to him or find him voluntarily unemployed due to the fact that he received means-tested public assistance is without merit. Revised Code Section 3119.05(I)(1) provides that, "[u]nless it would be unjust or inappropriate and therefore not in the best interests of the child," a parent who receives means-tested public assistance benefits, such as "cash assistance payments under the Ohio works first program established under Chapter 5107 of the Revised Code," may not be determined to be voluntarily unemployed and shall not have income imputed to him. Mr. Swedlow's objections represented that he received means-tested assistance, but the magistrate's decision does not make that specific factual finding. The magistrate's decision instead found that he "is currently receiving cash assistance." There is no evidence from the limited record before us that the assistance Mr. Swedlow received is means-tested or that it is "cash assistance payments under the Ohio works first program" as stated in Revised Code Section 3119.05(I)(1).

{¶33} Further, Revised Code Section 3119.05(I) does not prohibit a finding that the obligor is voluntarily unemployed or underemployed, and, thus, the imputation of income to a child support obligor, if it is just, appropriate and in the best interests of the child. The magistrate's decision adopted by the court did include a legal conclusion that the child support award was just, appropriate and in the best interest of the child. Accordingly, Mr. Swedlow's fifth and sixth assignments of error are overruled.

III.

**{¶34}** Mr. Swedlow's assignments of error are overruled, and the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

BELFANCE, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

RONALD M. SWEDLOW, pro se, Appellant.

LESLIE S. GRASKE, Attorney at Law, for Appellee.