[Cite as *State v. Zubaidah*, 2018-Ohio-3420.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 17CA011207 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| KING AYETTEY ZUBAIDAH | LORAIN MUNICIPAL COURT COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 2013TRD04820 |

DECISION AND JOURNAL ENTRY

Dated: August 27, 2018

HENSAL, Judge.

{¶1} King Zubaidah appeals his convictions and sentences in the Lorain Municipal Court. For the following reasons, this Court affirms.

I.

{¶2} A Lorain police sergeant charged Mr. Zubaidah with four violations of the Lorain Codified Ordinances: operating a motor vehicle without a valid license, improper display of plates, fictitious plates, and failure to comply with the order or signal of a police officer. Following a trial to the bench, the municipal court found him guilty of the first three offenses, fined him, and imposed a suspended jail sentence. Mr. Zubaidah has appealed, assigning six errors. For ease of consideration, we will address some of the assignments of error together.

II.

ASSIGNMENT OF ERROR I

COURT FAIL[ED] TO ESTABLISH SUBJECT MATTER JURISDICTION

**{¶3}** Mr. Zubaidah argues that the municipal court did not establish subject matter jurisdiction over his case. "Subject-matter jurisdiction is the power of a court to entertain and adjudicate a particular class of cases" and "is determined without regard to the rights of the individual parties involved in a particular case." *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, ¶ 19. Under Revised Code 1901.20(A)(1), a municipal court "has jurisdiction to hear misdemeanor cases committed within its territory and has jurisdiction over the violation of any ordinance of any municipal corporation within its territory * * *." The Revised Code also provides that municipal courts "have jurisdiction within the corporate limits of their respective municipal corporations * * *." R.C. 1901.02(A). In this case, the complaint alleged that Mr. Zubaidah committed the violations in the city of Lorain. All of them were misdemeanors. We, therefore, conclude that the Lorain Municipal Court had subject-matter jurisdiction over Mr. Zubaidah's offenses. To the extent that Mr. Zubaidah is also contesting the court's personal jurisdiction over him, Section 2901.11(A)(1) provides that "[a] person is subject to criminal prosecution and punishment in this state if * * * [t]he person commits an offense under the laws of this state, any element of which takes place in this state * * *." *State v. Mattingly*, 9th Dist. Wayne No. 98CA0035, 1999 Ohio App. LEXIS 5539, *6-7 (Nov. 24, 1999). Mr. Zubaidah does not argue that he did not receive a proper summons under Criminal Rule 4(A)(1). *Compare id.* at *7. Accordingly, upon review of the record, we conclude that the municipal court had personal jurisdiction over Mr. Zubaidah. Mr. Zubaidah's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

DUE PROCESS/PRACTICING LAW FROM BENCH

ASSIGNMENT OF ERROR III

OATH & BONDS

ASSIGNMENT OF ERROR IV

UNREBUTTED AFFIDAVITS

ASSIGNMENT OF ERROR V

THEFT

ASSIGNMENT OF ERROR VI

RIGHT TO TRAVEL

{¶4} In his second assignment of error, Mr. Zubaidah argues that the police sergeant who arrested him failed to advise him of his *Miranda* rights. He also argues that the municipal court judge who oversaw his case acted as if he was the prosecuting attorney. In his third assignment of error, Mr. Zubaidah argues that the sergeant who arrested him, the officer who searched his car, and the judge who tried his case violated their oaths of office. In his fourth assignment of error, Mr. Zubaidah argues that the affidavits he submitted in support of his defense were not rebutted and, therefore, were required to become the findings of the court. In his fifth assignment of error, Mr. Zubaidah argues that the municipal court judges who oversaw his case, the police sergeant, and a towing company colluded in order to steal his car. Finally, in his sixth assignment of error, Mr. Zubaidah argues that the municipal court deprived him of his right to travel.

{¶5} This Court is unable to review the merits of Mr. Zubaidah's arguments because the record does not contain a transcript of his bench trial or any of the other hearings conducted in this case. Under Local Rule 5(A)(1)(a)(i), "[i]f the appellant desires a transcript of proceedings to be prepared for inclusion in the record, the appellant must serve the court reporter

with a praecipe * * *." We note that Mr. Zubaidah attempted to "order a Praecipe" in his Notice of Appeal to this Court. We informed Mr. Zubaidah on December 17, 2017, that his request was insufficient to constitute a praecipe under Local Rule 5(A)(1)(a)(i) because it was not signed by the court reporter. Upon review of the record, it does not appear that Mr. Zubaidah attempted to correct the defect.

{¶6} "It is an appellant's duty to ensure that the record, or the portion necessary for review on appeal, is filed with the appellate court." *Swedlow v. Riegler*, 9th Dist. Summit No. 26710, 2013-Ohio-5562, ¶ 14, quoting *Shumate v. Shumate*, 9th Dist. Lorain No. 09CA009707, 2010-Ohio-5062, ¶ 6; App.R. 9(B). "[If] the transcript of a hearing is necessary to resolve assignments of error, but such transcript is missing from the record, the reviewing court has 'no choice but to presume the validity of the lower court's proceedings, and affirm.'" *Shumate* at ¶ 9, quoting *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980).

{¶7} In light of Mr. Zubaidah's failure to ensure the preparation of a transcript of the municipal court proceedings, we have no choice but to presume the regularity of those proceedings. Mr. Zubaidah's second, third, fourth, fifth, and sixth assignments of error are overruled.

III.

{¶8} Mr. Zubaidah's assignments of error are overruled. The judgment of the Lorain Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Lorain Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

SCHAFER, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

KING AYETTEY ZUBAIDAH, pro se, Appellant.

PATRICK D. RILEY and JOSEPH T. LAVECK, Attorneys at Law, for Appellee.