ARANDA, Exr., Appellee,

v.

TAMMAC HOLDINGS CORPORATION et al., Appellants.

[Cite as *Aranda v. Tammac Holdings Corp.,* 184 Ohio App.3d 11, 2009-Ohio-4781.]

Court of Appeals of Ohio,
Second District, Champaign County.

No. 08–CA–35.

Decided Sept. 11, 2009.

Steven R. Fansler, for appellee.

Christopher M. Hill & Associates, P.S.C., and Christopher M. Hill, for appellant.

BROGAN, Judge.

{¶ 1} Tammac Holdings Corporation appeals from the trial court's November 21, 2008 judgment entry distributing proceeds from the sale of real estate on which it held a mortgage lien.

{¶ 2} In its sole assignment of error, Tammac contends that the trial court violated R.C. 2127.38 by giving claims for attorney fees and executor fees priority

over its mortgage to the extent that those fees were not incurred "in connection with the sale" of the real estate.

{¶ 3} The record reflects that Diana Jenkins purchased the subject real estate in 2006 and granted Tammac a mortgage. Following Jenkins's death, the executor of her estate, Debbie Aranda, filed a complaint in October 2007, seeking to sell the property to pay estate debts. Tammac answered and counterclaimed, asserting its mortgage lien in the amount of $95,626.56 plus interest. The trial court ordered the property sold at auction and authorized employment of a broker for a commission of three percent plus advertising costs. Tammac ultimately purchased the property for $94,000. Its mortgage was credited against the purchase price, resulting in Tammac's being obligated to pay only the sale costs and appropriate fees. A dispute arose, however, concerning the extent of Tammac's obligation.

{¶ 4} In October 2008, executor Aranda moved for an order of distribution of the proceeds, seeking Tammac's payment of sale costs, attorney fees, and executor fees totaling $16,455.62. The executor's motion itemized the request as follows:

1. Court costs $ 82.00

2. Attorney fees for estate proceeding $5,220.96

3. Executor fees for estate proceeding $4,220.96

4. Attorney fees for sale of real estate $2,820.00

5. Auctioneer fees $2,820.00

6. Advertising costs for sale of real estate $1,291.70

{¶ 5} Tammac objected to the foregoing request. In particular, it disputed items two and three above. It asserted that executor Aranda was entitled to priority over its mortgage only for fees and expenses incurred directly in connection with the real estate sale, not for fees incurred in the "estate proceeding" as a whole. Thus, Tammac sought an order requiring it to pay fees and expenses totaling $7,013.70, which was the amount of the executor's request minus items two and three above.

{¶ 6} After reviewing written arguments, the trial court did not award complete relief to either party. It found Tammac obligated to pay executor Aranda $12,653.70 from the sale proceeds. The trial court reasoned:

{¶ 7} "With respect to the Executor's compensation Revised Code Section 2127.37 states it is as 'provided by law.' An executor's compensation is statutorily controlled by Revised Code Section 2113.35 and it specifically references the 'proceeds of real estate that is sold.' Thus, in the Court's opinion and pursuant to

the latter statute the Executor is entitled to 4% of the gross sales price of $94,000 or $3,760.00. And under Revised Code 2127.38 that commission is to be paid prior to any liens. Thus, Item 3 should be adjusted accordingly.

{¶ 8} "As for the attorney fees, the Court does not believe both attorney fee calculations in [I]tems 2 and 4 should both be allowed. This leads to a duplication of fees. And, in the Court's opinion the applicable fee should be 5% of the gross sales price of $94,000 or $4,700. The reasoning is that attorney fees in estates are by Local Rule 71, essentially determined by the filed agreement between the attorney and the executor. It is in this case 5% of the first $100,000.00 of value of the estate including the real estate sold, which is also the standard fee arrangement in this County. Thus, the Court fixes this as being reasonable compensation for the sale of the real estate or $4,700.00, which is paid before the liens."

{¶ 9} Based on the foregoing reasoning, the trial court found Tammac obligated to pay the following from the sale proceeds:

1. Court costs $ 82.00

2. Attorney fees "for the estate proceeding" $4,700.00

3. Executor fees "for the estate proceeding" $3,760.00

4. Auctioneer fees $2,820.00

5. Advertising costs for sale of real estate $1,291.70.

{¶ 10} On appeal, Tammac cites R.C. 2127.38, which provides:

{¶ 11} "The sale price of real estate sold following an auction by an executor, administrator, or guardian shall be applied and distributed as follows:

{¶ 12} "(A) *To discharge the costs and expenses of the sale, including reasonable fees to be fixed by the probate court for services performed by attorneys for the fiduciary in connection with the sale, and compensation, if any, to the fiduciary for his services in connection with the sale* as the court may fix, which costs, expenses, fees, and compensation shall be paid prior to any liens upon the real estate sold and notwithstanding the purchase of the real estate by a lien holder;

{¶ 13} "(B) To the payment of taxes, interest, penalties, and assessments then due against the real estate, and to the payment of mortgages and judgments against the ward or deceased person, according to their respective priorities of lien, so far as they operated as a lien on the real estate of the deceased at the time of the sale, or on the estate of the ward at the time of the sale, which shall be apportioned and determined by the court, or on reference to a master, or otherwise;

{¶ 14} "(C) In the case of an executor or administrator, the remaining proceeds of sale shall be applied as follows:

{¶ 15} "(1) To the payment of legacies with which the real estate of the deceased was charged, if the action is to sell real estate to pay legacies;

{¶ 16} "(2) To discharge the claims and debts of the estate in the order provided by law." (Emphasis added).

{¶ 17} Tammac cites the foregoing statute and contends that the trial court erred in giving priority to attorney fees and executor fees for the entire "estate proceeding." Tammac insists that under R.C. 2127.38(A), attorney fees and executor fees have priority over a mortgage lien only insofar as such fees are incurred "in connection with the sale" of the real estate. In her motion for distribution of sale proceeds, executor Aranda requested attorney fees of only $2,820 for the sale of the real estate. Tammac notes that it did not, and does not, object to this amount's having priority over its mortgage lien. Tammac contends that the remainder of the trial court's attorney-fee award, an additional $1,880, should be set aside because there is no evidence that this portion of the fee was incurred in connection with the sale of the real estate.

{¶ 18} As for executor fees, Tammac stresses that executor Aranda's motion for distribution of sale proceeds did not specifically request compensation for executor fees incurred in connection with the real estate sale. Instead, executor fees were requested only for the "estate proceeding" as a whole. Based on its belief that executor fees for the entire estate proceeding do not have priority over its mortgage lien, Tammac contends that the trial court's award of executor fees should be set aside entirely.

{¶ 19} In response to Tammac's argument, executor Aranda insists that the trial court's executor fee award is supported by R.C. 2127.37, which provides: "When an action to sell [real] estate is prosecuted by an executor or administrator he shall be allowed the compensation provided by law, by the probate court from which his letters issued." Executor Aranda contends that the trial court properly looked to R.C. 2113.35 to determine the compensation to which she was entitled. Under that statute, the executor claims that she was entitled to a commission equal to four percent of the sale proceeds. Therefore, the executor asserts that the trial court properly awarded her this amount of commission pursuant to R.C. 2127.37 and properly gave her priority over Tammac's mortgage lien pursuant to R.C. 2127.38.

{¶ 20} Finally, as for attorney fees, executor Aranda argues that the estate attorney in this case performed valuable work and that the trial court awarded counsel the standard attorney fees in Champaign County for administering an estate. Because no other estate assets existed to pay attorney fees, executor

Aranda contends the trial court properly ordered the entire award paid out of the real estate sale proceeds.

{¶ 21} Upon review, we find Tammac's assignment of error to be persuasive. The trial court cited R.C. 2113.35 to find executor Aranda entitled to commission in the amount of four percent of the real estate sale proceeds. Under that statute, however, this commission constituted "full compensation for all" of executor Aranda's services in connection with the decedent's estate. Notably, R.C. 2113.35 is silent regarding whether the four percent commission had priority over Tammac's first mortgage lien. As noted above, the trial court also cited R.C. 2127.37, which allows an executor to be compensated "as provided by law." But once again, R.C. 2127.37 says nothing about whether executor Aranda's compensation had priority over a first mortgage lien. The only pertinent statute specifically addressing priority is R.C. 2127.38, which grants an executor's compensation priority over a mortgage lien only to the extent that the compensation is for work "in connection with the sale."

{¶ 22} While executor Aranda very well may have been entitled to a four percent commission for *all* her work on behalf of the decedent's estate, under R.C. 2127.38(A), this compensation had priority over Tammac's mortgage only insofar as it was earned for services performed in connection with the sale. Therefore, the trial court erred in finding the executor entitled to a full four percent of the sale proceeds before satisfaction of Tammac's mortgage lien. Based on the record before us, however, we cannot determine what portion of the $3,760 in executor fees awarded by the trial court for the entire "estate proceeding" was earned by executor Aranda "in connection with the sale." We are unpersuaded by Tammac's argument that none of the executor's fees should have priority because her motion for an order of distribution improperly requested executor fees for the "estate proceeding" as a whole. We believe a more appropriate remedy is to remand the matter to the trial court for a factual finding regarding the portion of executor Aranda's compensation earned for services performed in connection with the real estate sale and, thus, having priority over Tammac's mortgage lien by virtue of R.C. 2127.38(A).

{¶ 23} With regard to attorney fees, we agree with Tammac that the trial court erred in awarding counsel for the estate $4,700 and giving this entire amount priority over Tammac's mortgage. In her motion for an order of distribution, executor Aranda requested attorney fees of $5,220.96 "for estate proceeding" and attorney fees of $2,820 "for sale of real estate." In its judgment entry distributing proceeds, the trial court awarded counsel for the estate attorney fees of $4,700, which represented five percent of the real estate sale price. The trial court awarded this amount pursuant to a purported agreement between the executor and counsel for the estate. Once again, however, while counsel very

well may have been entitled to this amount for *all* his work on behalf of the decedent's estate, executor Aranda's motion specifically designated $2,820 as the attorney fees earned for the sale of the real estate. Since only attorney fees earned for services in connection with a real estate sale have priority over a mortgage under R.C. 2127.38(A), the trial court erred in giving its entire fee award of $4,700 priority over Tammac's mortgage. By executor Aranda's own admission in her motion, attorney fees "for sale of real estate" totaled $2,820. Therefore, only this portion of the attorney fee award had priority over Tammac's mortgage.

{¶ 24} Based on the reasoning set forth above, we sustain Tammac's assignment of error insofar as it contends that the trial court erred in giving executor fees and attorney fees priority over its mortgage lien to the extent such fees were not earned in connection with the sale of the decedent's real estate.

{¶ 25} The judgment of the Champaign County Probate Court is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

GRADY and DINKELACKER, JJ., concur.

PATRICK T. DINKELACKER, J., of the First District Court of Appeals, sitting by assignment.