[Cite as *In re T.A.*, 2016-Ohio-5552.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

IN RE: T.A.
     J.A.
     T.B.
     J.B.
     K.B.

C.A. Nos.     15CA010858
              15CA010859

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE Nos.    13JC39530
             13JC39531
             13JC39532
             13JC39533
             13JC39534

DECISION AND JOURNAL ENTRY

Dated: August 29, 2016

---

HENSAL, Judge.

**{¶1}** Amy A. and Kirk B. appeal a judgment of the Lorain County Court of Common Pleas, Juvenile Division that awarded legal custody of T.A., J.A., T.B., J.B. and K.B. to other family members of the children. For the following reasons, this Court affirms.

I.

**{¶2}** Ms. A. is the mother of six children, five of whom are involved in this appeal. Lorain County Children's Services became involved with the children in June 2013 when K.B. tested positive for cocaine at her birth. Following an investigation, Children's Services raised concerns about Mother's drug use, her ability to maintain a home in a clean and appropriate manner, her ability to supervise the children, her mental health, the cleanliness of the children, and whether she could meet the children's health and educational needs. In September 2013, the

juvenile court adjudicated the children to be neglected and dependent. It granted Children's Services protective custody, which developed a case plan for Mother. The court later granted temporary custody of T.A. to his father Charles A., temporary custody of J.A. to his father Kenneth K., and temporary custody of T.B., J.B., and K.B. to Mother's brother and his wife, who had three children of their own. T.B. and J.B. later went to live with Mother's parents to reduce the number of children living with Mother's brother. J.A. also later began residing with his paternal grandfather.

{¶3} Children's Services subsequently moved for legal custody of the children. Following a hearing before a magistrate, the magistrate recommended that the court grant legal custody to the family members with whom the children were residing and terminate Children's Services' protective supervision. The trial court found that it was in the best interest of the children for them to remain in their current homes, so it adopted the magistrate's decision. Mother objected to the trial court's judgment, but the court overruled her objections. Mother has appealed its decision, assigning as error that the trial court failed to give adequate weight to the evidence in her favor. Kirk B., the father of T.B., J.B., and K.B., has also appealed, assigning as error that the trial court abused its discretion when it placed Mother's sixth child, K.A. in the care of Mother's parents.

MOTHER'S ASSIGNMENT OF ERROR

> THE TRIAL COURT FAILED TO GIVE THE EVIDENCE ADEQUATE WEIGHT WHEN IT GRANTED LEGAL CUSTODY AS FOLLOWS: T.A. TO FATHER CHARLES [A.]; J.A. TO PATERNAL GRANDFATHER KENNETH [K.]; T.B. AND J.B. TO MATERNAL GRANDPARENTS BOB AND RITA [H.]; AND K.B. TO MATERNAL AUNT AND UNCLE GOLDEN AND PRESTON [H.].

{¶4} Mother argues that the trial court's determination about the children's best interests was against the weight of the evidence. She argues that the court did not give sufficient

weight to testimony that she had made substantial improvements since the children were removed from her home. In particular, she notes that there was testimony that she has engaged in mental health coaching and is making progress, that her home is clean and appropriate, that the children who visit with her leave in a clean hygienic state, that she has provided for the children's basic needs, and that she had tested negative on her last 10 drug screenings. She also notes that there was testimony that her parenting has been improving and that she has financial support from Kirk B. Mother argues that, in light of the significant progress she has made with her case plan, the court should have given her more time to complete the plan before granting legal custody of the children to others.

{¶5} The decision to grant or deny a motion for legal custody is within the juvenile court's sound discretion. *In re M.S.*, 9th Dist. Summit No. 22158, 2005-Ohio-10, ¶ 11. This Court will not reverse that decision absent an abuse of discretion. *Id*. An abuse of discretion implies that a trial court was unreasonable, arbitrary, or unconscionable in its judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶6} The statutory scheme regarding an award of legal custody does not include a specific test or set of criteria, but Ohio courts have determined that the trial court must base its decision on the best interest of the child. *See, e.g., In re N.P.*, 9th Dist. Summit No. 21707, 2004-Ohio-110, ¶ 23. We have previously indicated that the factors listed in Revised Code Section 2151.414(D) may provide some guidance in determining whether legal custody is in the best interest of a child. *In re B.C.*, 9th Dist. Summit Nos. 26976, 26977, 2014-Ohio-2748, ¶ 16, citing *In re T.A.*, 9th Dist. Summit No. 22954, 2006-Ohio-4468, ¶ 17. Those factors include: the interaction and interrelationships of the children, the wishes of the children, the custodial history of the children, and the children's need for permanence in their lives. *Id*.; R.C. 2151.414(D)(1).

We have also explained that the factors listed in Section 3109.04(F)(1) may be "relevant to addressing how to best allocate custody and visitation rights * * * given a prior adjudication of dependency and abuse." *In re B.G.*, 9th Dist. Summit No. 24187, 2008-Ohio-5003, ¶ 11, 12. Those factors include: the children's adjustment to their home, school, and community, the mental and physical health of all the persons involved in the situation, the parents' likelihood to honor and facilitate court-approved parenting time or visitation rights, and whether a parent or a member of their household has been involved in a criminal offense that resulted in a child being adjudicated an abused or neglected child. *Id*. at ¶ 12, citing R.C. 3109.04(F)(1)(d, e, f, & h).

{¶7} The case worker for the children testified that, despite Mother's progress on her case plan, she continued to have concerns about returning the children to her. Most notably, Mother did not have an appreciation for why Children's Services became involved in the first place. The case worker explained that, although Mother had accomplished some of her case plan goals, she lacked insight about why the changes were necessary. According to the case worker, Mother believes that there was nothing wrong about the way she cared for the children before Children's Services intervened. This gave the agency concern about whether Mother would revert to her old ways if she regained custody instead of making "long lasting, appropriate behavioral changes." The case worker was also concerned that, even though Mother could meet the children's needs during her brief visitation periods, she had not demonstrated that she would be able to maintain it over the long-term, noting her lack of employment and her continued mental health issues. The caseworker also explained that the agency had concerns about the fact that Mother had never admitted her prior drug abuse, continuing to insist that the only reason cocaine was in her system and K.B.'s system at the time of K.B.'s birth is because she had cleaned a house that contained drugs.

{¶8} The magistrate found that Mother minimizes Children's Services' concerns and that it is not clear whether her mental and emotional stability are being appropriately addressed during her counseling sessions. The magistrate noted that Mother's service providers claimed that the only stress in Mother's life is her involvement with Children Services. Accordingly, they have focused on addressing Mother's anger and frustration with Children's Services instead of any issues that contributed to the children being removed in the first place. The magistrate found that Mother has taken no responsibility for the condition of her home at the time the children were removed, the children's poor academic performance and attendance, or the positive drug tests that led to Children's Services involvement. He noted that Mother testified that she did not believe she needed to make any changes, that caring for five or six children is not stressful or overwhelming, and that the children were fine prior to Children's Services' intervention. He further noted that Mother had worked very little at addressing substance abuse issues because she denied ever having them.

{¶9} The magistrate also had concerns about Mother's ability to care for the children because of the recent addition of a sixth child. The magistrate also had concerns about Mother's mental health, noting that Mother at one point told the caseworker regarding her sixth pregnancy that she was merely a surrogate and would not be keeping the baby. The very next day, however, she told one of her service providers that she had all of her supplies ready for the new baby and was ready to bring the baby home. Finally, the magistrate noted that the children were doing well in their current residences, which met all of their basic needs. The trial court adopted the magistrate's decision as its own without additional explanation.

{¶10} The magistrate was in the best position to observe the demeanor of the witnesses, assess their credibility, and resolve any conflicts in the evidence. *In re E.L.*, 9th Dist. Summit

No. 27527, 2015-Ohio-2502, ¶ 9. Upon review of the record, we cannot say that the trial court abused its discretion when it determined that it was in the best interest of T.A. J.A., T.B., J.B., and K.B. to award legal custody to their current caregivers. Mother's assignment of error is overruled.

KIRK B'S ASSIGNMENT OF ERROR

> THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN VIOLATION OF [KIRK B'S] FOURTEENTH AMENDMENT DUE PROCESS RIGHTS BY ADOPTING LCCS' AMENDED CASE PLAN PLACING 6-K.A. IN RELATIVE CARE.

**{¶11}** Kirk B., father of T.B., J.B., K.B., argues that the trial court incorrectly granted legal custody of K.A., the child Mother gave birth to during the proceedings involving the other children, to K.A.'s maternal grandparents. K.A., however, is not one of the children that is involved in this appeal. Kirk B's notice of appeal is from a judgment of the trial court dated September 1, 2015. The judgment involves cases 13JC39530, 13JC39531, 13JC39532, 13JC39533, and 13JC39534. The case involving K.A.'s placement is 14JC44326. Accordingly, we conclude that we do not have jurisdiction to consider Kirk B.'s argument. We also note that Kirk B. has not set forth or developed an argument with respect to T.B., J.B., or K.B. Kirk B.'s assignment of error, therefore, is overruled.

### III.

**{¶12}** The trial court did not abuse its discretion when it decided who should have legal custody of T.A., J.A., T.B., J.B., and K.B. We do not have jurisdiction in this appeal to decide any issues with respect to K.A. The judgment of the Lorain County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

JENNIFER HENSAL
FOR THE COURT

MOORE, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

SEAN A. BORIS, Attorney at Law, for Appellant.

ROBERT CABRERA, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and EMILY W. KIRSCH, Assistant Prosecuting Attorney, for Appellee.