[Cite as *In re M.O.*, 2017-Ohio-7691.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

IN RE: M.O.

C.A. Nos.   28351
            28371
            28383


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     DN 15-02-120

DECISION AND JOURNAL ENTRY

Dated: September 20, 2017

CARR, Judge.

{¶1}    Appellant Father appeals the judgment of the Summit County Court of Common Pleas, Juvenile Division, that granted legal custody to Mother.  He also appeals the juvenile court's subsequent nunc pro tunc order addressing visitation.  Mother too filed a notice of appeal from the trial court's dispositional order.  The three appeals have been consolidated for purposes of briefing, argument, and disposition.  This Court affirms the dispositional order, vacates the nunc pro tunc order, and dismisses Mother's appeal.

I.

{¶2}    Mother and Father enjoyed parental rights and responsibilities regarding their child M.O. pursuant to a shared parenting order issued by the Stark County Family Court, Juvenile Division.  In February 2015, Summit County Children Services Board ("CSB") filed a complaint alleging the child to be dependent based, in part, on an act of intimate partner violence

committed by Father against his live-in paramour and witnessed by the child in Father's home. CSB requested an order of protective supervision, which the magistrate granted on an interim basis. Based on evidence heard at the adjudication hearing, the juvenile court found M.O. to be a dependent child. After the initial dispositional hearing, the trial court ordered that the child remain under the protective supervision of the agency, and that the parents otherwise comply with the terms of the agreed shared parenting plan entered in Stark County Family Court case numbers 2013 JCV 00300[1] and 2010 DR 00908.

{¶3} All parties filed dispositional motions: CSB moved to terminate protective supervision; Mother moved for legal custody; and Father moved for legal custody, or in the alternative, to modify the shared parenting plan regarding visitation. After conducting a dispositional hearing, the magistrate placed the child in the legal custody of Mother; terminated protective supervision; granted Father visitation with the child from Thursday through Monday during the first three weeks of each month; ordered the parties to abide by the Stark County Parenting Time Schedule for vacations, holidays, and days of special meaning; and ordered Father to pay child support. Both the parenting time schedule and child support worksheet were attached to the decision. The trial court adopted the orders the same day.

{¶4} Father filed timely objections to the magistrate's decision. He argued that the magistrate erred by considering only the best interest of the child, because the award of legal custody to Mother effectively modified the parents' prior shared parenting agreement. Father argued, therefore, that the magistrate was required to determine custody in consideration of (1) whether a change in circumstances of the child, the child's residential parent, or either parent subject to the shared parenting decree had occurred, and (2) the best interest of the child,

---

[1] The child was previously adjudicated dependent by the Stark County Juvenile Court.

pursuant to R.C. 3109.04(E)(1)(a). He also challenged the disposition as against the manifest weight of the evidence.

{¶5} Mother responded in opposition, arguing that the award of legal custody did not modify the parties' prior shared parenting agreement, but rather terminated it. She argued, therefore, that the matter was governed by R.C. 3109.04(E)(2)(c), addressing the standard for terminating a prior final shared parenting decree. That provision requires consideration merely of whether shared parenting is in the best interest of the child without consideration of whether a change in circumstances had occurred.

{¶6} The juvenile court acknowledged that the parties had been subject to a prior shared parenting agreement, but rejected the arguments that the court must render a final disposition for the child in consideration of R.C. 3109.04. Instead, the juvenile court relied on this Court's decision in *In re O.L.*, 9th Dist. Summit No. 24928, 2010-Ohio-878, ¶ 7, for the proposition that, after a child has been adjudicated dependent, neglected, or abused, the juvenile court need only consider the best interest of the child when determining whether to place a child in the legal custody of any person. The juvenile court then looked to the best interest factors set forth in R.C. 2151.414(D) (relevant to a determination of permanent custody) and R.C. 3109.04(F)(1) (relevant to a determination of the allocation of parental rights and responsibilities) for guidance. The juvenile court overruled Father's objections and placed the child in the legal custody of Mother. In addition, the court ordered specific weekly visitation for Father; that the parties would adhere to the Stark County Parenting Time Schedule for holidays, vacations, and days of special meaning; and child support from Father. Both Father and Mother filed timely notices of appeal from the August 17, 2016 dispositional order.

**{¶7}** In addition, Mother wrote a letter to the juvenile court requesting clarification regarding Father's visitation with the child. The magistrate had ordered that Father would have visitation the first three weekends of every month, but that Mother would retain the child during the last weekend. When the juvenile court overruled Father's objections and independently entered judgment, however, it ordered simply that Father would have visitation with the child every weekend. Father opposed Mother's motion for an order clarifying that she was entitled to keep the child the last weekend of every month. On September 22, 2016, the juvenile court issued a nunc pro tunc order amending the visitation order to indicate that Mother has the child the fourth weekend of every month. Father filed a timely appeal from the September 22, 2016 order.

**{¶8}** This Court consolidated the three appeals for review.

II.

Appeal No. 28351

**{¶9}** In this appeal, Father challenges the juvenile court's August 17, 2016 dispositional order, raising three assignments of error. We address some assignments of error out of order to facilitate review.

**ASSIGNMENT OF ERROR III**

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR IN ORDERING FATHER TO PAY CHILD SUPPORT WITHOUT ATTACHING OR INCORPORATING A CHILD SUPPORT WORKSHEET TO ITS JUDGMENT ENTRY.

**{¶10}** Father argues that the juvenile court's "order requiring Father to pay child support was defective and void[,]" because the court failed to attach a child support worksheet to the judgment. This Court disagrees.

{¶11} It is well settled that, in issuing an order for child support, a child support worksheet must be completed and made a part of the record. *Marker v. Grimm*, 65 Ohio St.3d 139 (1992), paragraph one of the syllabus. In reliance on that holding, this Court recognizes that it is sufficient that the child support worksheet be attached to the magistrate's decision that has been approved by the trial court. *See, e.g., Hayne v. Hayne*, 9th Dist. Medina No. 07CA0100-M, 2008-Ohio-4296, ¶ 19. To the extent that Father requests reversal and remand to the juvenile court for incorporation of the child support worksheet into the final judgment, the trial court's adherence to its prior order does just that. Father's third assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR IN ORDERING THE PARTIES TO ABIDE BY A PARENTING TIME SCHEDULE WITHOUT ATTACHING THE SCHEDULE TO ITS JUDGMENT ENTRY.

{¶12} Father argues that the juvenile court erred by failing to attach the Stark Family Court Parenting Time Schedule to its judgment wherein it overruled Father's objections and adopted the magistrate's decision. This Court disagrees.

{¶13} Father argues that the visitation order is defective because it does not incorporate all documents necessary to give the parties an understanding of their rights and obligations. However, when the juvenile court initially adopted the magistrate's decision, it ordered the attachment of the parenting time schedule. Notwithstanding Father's assertion to the contrary, the juvenile court's initial adoption of the magistrate's decision was not a mere interlocutory order, but rather a final judgment. *See Miller v. Miller*, 9th Dist. Medina No. 10CA0034-M, 2011-Ohio-4299, ¶ 17-18. Later, in overruling Father's objections, the juvenile court enunciated a visitation order, including that the parties would abide by the Stark Family Court Parenting Time Schedule. The trial court further ordered that "[a]ll prior orders not in direct conflict with

the orders herein remain in full force and effect[,]" effectively adhering to its prior order to that extent and, thereby, incorporating the terms of the parenting time schedule. *See* Juv.R. 40(D)(4)(e)(i). Father seeks reversal and remand for the express purpose of requiring the juvenile court to incorporate the parenting time schedule into its judgment. As the juvenile court's adherence to its prior judgment does that, Father has received the relief he seeks. Father's second assignment of error is overruled.

## ASSIGNMENT OF ERROR IV

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR IN AWARDING MOTHER LEGAL CUSTODY WITHOUT CONSIDERING THE FACTORS UNDER R.C. 3109.04(E).

**{¶14}** Father argues that the juvenile court erred by failing to consider whether there had been a change in circumstances as required by R.C. 3109.04(E)(1) before awarding legal custody to Mother, because the parties had been subject to a prior shared parenting agreement arising out of their earlier divorce. This Court disagrees.

**{¶15}** An award of legal custody by the juvenile court will only be reversed for an abuse of discretion. *In re T.A.*, 9th Dist. Lorain Nos. 15CA010858, 15CA010859, 2016-Ohio-5552, ¶ 5. Here, however, Father does not argue that the juvenile court abused its discretion in deciding to award legal custody to Mother based on the evidence. Instead, Father argues that the juvenile court misinterpreted the statutory framework applicable to this matter and failed to apply the relevant statutory provision when awarding legal custody to Mother. A trial court's interpretation and application of a statute is an issue of law, which this Court reviews de novo. *Gehlmann v. Gehlmann*, 9th Dist. Medina No. 13CA0015-M, 2014-Ohio-4990, ¶ 6. "A de novo review requires an independent review of the trial court's decision without any deference to the

trial court's determination." *Id.*, quoting *State v. Consilio*, 9th Dist. Summit No. 22761, 2006-Ohio-649, ¶ 4.

{¶16} Father relied on *In re James*, 113 Ohio St.3d 420, 2007-Ohio-2335, below for the proposition that, before the juvenile court could award legal custody to Mother, it had to apply the factors in R.C. 3109.04(E)(1)(a) and determine not only whether the award was in the best interest of the child, but also whether a change in the child's or either parent's circumstances had occurred. *See* 2007-Ohio-2335, at ¶ 14. The juvenile court rejected Father's argument, and concluded that R.C. 2151.353, which sets out the dispositional options for a child who has been adjudicated dependent, neglected, or abused, was applicable. R.C. 2151.353(A)(3) authorizes the juvenile court to award legal custody to a parent or third party. This Court has held that, in determining whether to award legal custody of a child adjudicated dependent, neglected, or abused, the sole consideration is the best interest of the child. *In re O.L.*, 9th Dist. Summit No. 24928, 2010-Ohio-878, ¶ 7.

{¶17} On appeal, Father has abandoned his reliance on *In re James*.[2] He now relies on *In re Poling*, 64 Ohio St.3d 211 (1992), in support of his argument that the juvenile court was required to apply R.C. 3109.04(E)(1)(a) in determining whether to grant legal custody to Mother.

---

[2] *In re James* involved a child who, after being adjudicated abused and dependent, was placed in the legal custody of the grandparents pursuant to agreement of the parties. *Id.* at ¶ 5-6. After the grandparents challenged a subsequent order restoring legal custody to the child's parents, the Supreme Court of Ohio accepted an appeal to address the constitutionality of R.C. 3109.04(E)(1)(a), which was invoked below. *Id.* at ¶ 7-9. Recognizing the questionable application of R.C. 3109.04(E)(1)(a) to the procedural posture of the underlying case, the high court nevertheless addressed the constitutional issue as it "arose from that statute and from the appellate court's analysis and conclusion." *Id.* at ¶ 24. *In re James* is distinguishable in two significant ways from the instant appeal. First, *In re James* involved a *modification* of a prior disposition that had been ordered after an adjudication, whereas this case involves an *initial* disposition after adjudication. Second, and significantly, unlike in the instant matter, there is nothing in *In re James* to indicate that the child had been the subject of a prior custody order as to the mother and father issued by a domestic relations court.

*In re Poling* stands for the initial proposition that, although a child is the subject of a custody order issued pursuant to a divorce decree, the juvenile court has jurisdiction to determine the custody of that same child where the child is alleged to be dependent, neglected, or abused. *Id.* at paragraph one of the syllabus. The juvenile court assumes jurisdiction to issue a final custodial disposition after the child has been adjudicated dependent, neglected, or abused. R.C. 2151.353(A). The *In re Poling* court elaborated, however, holding that R.C. 2151.23(F)(1) requires the juvenile court to exercise its jurisdiction in child custody matters in accordance with R.C. 3109.04. *Id.* at paragraph two of the syllabus.

{¶18} In *In re Poling*, a mother was awarded custody of two children pursuant to the terms of a divorce decree. *Id.* at 211. Some years later, the local children services agency filed a complaint alleging that the children were neglected and dependent. *Id*. The children were adjudicated dependent children, and the juvenile court ultimately awarded the father legal custody. *Id.* at 212. The appellate court reversed, concluding that the juvenile court lacked jurisdiction to modify the prior custody order issued pursuant to R.C. 3109.04. *Id.* at 212-213. The high court reversed the appellate court, concluding that the juvenile court had jurisdiction to modify the prior custody order, but that it must do so in accordance with R.C. 3109.04. *Id.* at 216.[3]

{¶19} Assuming without deciding that the holding in paragraph two of the syllabus of *In re Poling* is applicable to this case, this Court concludes that any error by the juvenile court in refusing to apply R.C. 3109.04 was harmless. Although the *In re Poling* court referenced R.C.

---

[3] To date, *In re Poling* has not been overruled or limited to cases excluding dependency, neglect, abuse actions. However, given the intervention of heightened concerns for the safety and wellbeing of children who have been adjudicated dependent; neglected; or abused; in addition to the various dispositional options available pursuant to R.C. 2151.353, the application of paragraph two of the syllabus of *In re Poling* may no longer be viable. To the extent that lower courts are still relying on it, the Supreme Court of Ohio may want to revisit it.

3109.04(E)(1)(a), it did so on the basis that the juvenile court's award of legal custody to the father constituted a modification of the prior divorce decree which allocated parental rights and responsibilities. *In re Poling*, 64 Ohio St.3d at 216-218. In the instant case, however, the parties were subject to an award of shared parenting from the prior Stark County case. By granting legal custody to Mother in this case, the juvenile court terminated the shared parenting order, rather than modified its terms. Even if the law requires the application of R.C. 3109.04 in this case, the applicable provision under these circumstances would be R.C. 3109.04(E)(2)(c), which provides that the court may terminate a shared parenting plan in consideration of the best interest of the child. R.C. 3109.04(E)(2)(c) does not require the court to consider and determine whether there has been a change in the circumstances of the child or either parent before terminating the shared parenting plan.

{¶20} In this case, in applying R.C. 2151.353 and considering solely the best interest of the child, the juvenile court also complied with the standard enunciated in R.C. 3109.04(E)(2)(c) relevant to a termination of a prior shared parenting plan. Assuming for the sake of argument that that provision applied to this matter, the juvenile court's application of R.C. 2151.353 and the mandate of *In re O.L.*, 2010-Ohio-878, at ¶ 7,[4] was harmless error. Father's fourth assignment of error is overruled.

Judgment affirmed.

---

[4] This Court recognizes that the instant case is analogous to *In re O.L.* in that in both cases the parents were subject to a prior custody order issued out of the domestic relations court at the time that the child was adjudicated dependent and the juvenile court considered the issue of the child's disposition. In *In re O.L.*, we affirmed the juvenile court's award of legal custody to the father based solely on the best interest of the child. *Id.* at ¶ 7, 23. As no party challenged the juvenile court's application of that standard or failure to consider the ramifications of the existence of a prior domestic relations court order, those issues were not before us.

Appeal No. 28371

{¶21}  Mother timely filed a notice of appeal from the juvenile court's judgment of disposition issued August 17, 2016.  She has failed, however, to file a merit brief or assert any assignments of error.  As Mother has effectively abandoned her appeal, App. No. 28371 is dismissed.  *See Badovick v. Badovick*, 8th Dist. Cuyahoga Nos. 74273, 75116, 2000 WL 640589, *1 (May 18, 2000).

                                                              Appeal No. 28371 dismissed.

Appeal No. 28383

{¶22}  Father appealed the juvenile court's September 22, 2016 nunc pro tunc order in which it modified the terms of visitation enunciated in the judgment granting legal custody to Mother.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT LACKED JURISDICTION TO ISSUE A NUNC PRO TUNC JUDGMENT ENTRY WITHOUT SEEKING LEAVE FROM THE COURT OF APPEALS AFTER THE APPEAL WAS ALREADY DOCKETED AT THE APPELLATE COURT.

{¶23}  Father argues that the juvenile court lacked jurisdiction to issue the September 22, 2016 nunc pro tunc order without leave of this Court, as Father's notice of appeal from the dispositional order had been filed on August 25, 2016.  This Court agrees.

{¶24}  Although Civ.R. 60(A) provides a mechanism whereby a trial court may issue an order correcting clerical mistakes in judgments, once an appeal from the judgment is docketed and pending, the trial court may only issue a correction with leave of the appellate court.[5]  In this case, the juvenile court issued its nunc pro tunc order almost a month after Father's notice of

---

[5] As Father does not argue in his assignment of error that the September 22, 2016 order improperly applies Civ.R. 60(A) to modify substantively a final order, rather than to correct a mere clerical error, this Court does not address that issue.

appeal was docketed. No party or the juvenile court sought leave from this Court to correct the August 17, 2016 judgment, as required by Civ.R. 60(A). Accordingly, the juvenile court lacked jurisdiction to issue the September 22, 2016 order, and that order is therefore void. *See Evanich v. Bridge*, 9th Dist. Lorain No. 05CA008666, 2006-Ohio-648, ¶ 6. Father's first assignment of error is sustained.

**{¶25}** The September 22, 2016 order is vacated.

Judgment vacated.

## III.

**{¶26}** Regarding appeal number 28351, Father's second, third, and fourth assignments of error are overruled. The August 17, 2016 dispositional order is affirmed. As Mother abandoned her appeal, appeal number 28371 is dismissed. Regarding appeal number 28383, Father's first assignment of error is sustained. The September 22, 2016 nunc pro tunc order is vacated.

Appeal No. 28351 affirmed
Appeal No. 28371 dismissed.
Appeal No. 28383 vacated.

—————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

_____
DONNA J. CARR
FOR THE COURT

SCHAFER, J.
CONCURS.

HENSAL, P. J.
CONCURRING IN JUDGMENT ONLY.

{¶27} I concur in judgment only in regard to Appeal No. 28351. Specifically in regard to Father's fourth assignment of error, I would disregard Father's argument as irrelevant to the issue of the award of legal custody under these circumstances. Where a child has been adjudicated dependent, the juvenile court need only consider the best interest of the child before awarding legal custody to any person. *In re K.H.*, 9th Dist. Summit No. 27952, 2016-Ohio-1330, ¶ 12. I would not review this matter in terms of either modifying or terminating a prior shared parenting plan, but simply from the perspective of whether an award of legal custody of a dependent child was warranted in the child's best interest pursuant to Revised Code Chapter 2151.

APPEARANCES:

NEIL P. AGARWAL, Attorney at Law, for Appellant.

DAVID LOWRY, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.

JAMES ARMSTRONG, Guardian ad Litem.